| | | |
|---|---|---|
| **JEFFERSON COUNTY DISTRICT COURT, JEFFERSON COUNTY, COLORADO** | | DATE FILED: April 22, 2019 3:28 PM <br> FILING ID: 95F4EB3763745 <br> CASE NUMBER: 2019CV30610 |
| Court Address: | Jefferson County District Court <br> 100 Jefferson County Parkway <br> Golden, CO 80401 <br> Telephone: (720) 772-2787 | |
| **Plaintiff:** | **LEROY SONS** | |
| v. | | ▲ **COURT USE ONLY** ▲ |
| **Defendant:** | **DILLON COMPANIES INC.** | |
| **Attorney for:** <br> Name: <br> Address: <br><br><br> Phone Number: <br> Fax Number: <br> Atty.Reg.#: <br> Email: | **Plaintiff** <br> Dustin Bergman <br> Bachus and Schanker, LLC <br> 1899 Wynkoop Street, Suite 700 <br> Denver, Colorado 80202 <br> (303) 893-9800 <br> (303) 893-9900 <br> 41520 <br> dustin.bergman@coloradolaw.net | Case Number: <br><br><br><br><br> Div.: |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT AND JURY DEMAND** | | |

1.   This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.  Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2.   Simplified Procedure under C.R.C.P. 16.1 applies to this case unless (check one box below if this party asserts that C.R.C.P. 16.1 does not apply):

☐   This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, or

☑   This party is seeking a monetary judgment against another party for more than $100,000.00 including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

☑   "By my signature below and in compliance with C.R.C.P. 11, based upon

# EXHIBIT A

    Information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

  **OR**

    ☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. ☑ This party makes a Jury Demand at this time and pays the requisite fee. *See* C.R.C.P. 38.

**DATED:** April 22, 2019.

          BACHUS & SCHANKER, LLC

          *[signature]*

          _____

          Dustin Bergman, Esq.

| | | |
|---|---|---|
| JEFFERSON COUNTY DISTRICT COURT, JEFFERSON COUNTY, COLORADO | | DATE FILED: April 22, 2019 3:28 PM FILING ID: 95F4EB3763745 CASE NUMBER: 2019CV30610 |
| Court Address: | Jefferson County District Court 100 Jefferson County Parkway Golden, CO 80401 Telephone: (720) 772-2787 | |
| **Plaintiff:** | **LEROY SONS** | |
| v. | | ▲ **COURT USE ONLY** ▲ |
| **Defendant:** | **DILLON COMPANIES, INC. DBA KING SOOPERS** | |
| **Attorney for:** Name: Address: Phone Number: Fax Number: Atty.Reg.#: Email: | **Plaintiff** Dustin Bergman Bachus and Schanker, LLC 1899 Wynkoop Street, Suite 700 Denver, Colorado 80202 (303) 893-9800 (303) 893-9900 41520 dustin.bergman@coloradolaw.net | Case Number: Div.: |
| **COMPLAINT AND JURY DEMAND** | | |

Plaintiff Leroy Sons, by and through undersigned attorney of Bachus and Schanker, LLC, hereby submits a Civil Complaint and Jury Demand against Defendant King Soopers, as follows:

## GENERAL ALLEGATIONS

1. This matter arises from a trip and fall that occurred on February 8, 2018 at King Soopers store number 622 located at 9731 West 58th Avenue in Arvada, Colorado.

2. At all times pertinent to this action, Plaintiff was a resident of Jefferson County, Colorado.

3. At all times pertinent to this action, upon information and belief, Defendant Dillon Companies, Inc. is a Kansas corporation, doing business as King Soopers, with its principal

offices located at 2800 East 4th Street, Hutchinson, Kansas 67501.  Dillon Companies' registered agent is Corporation Service Company whose street address is 1900 West Littleton Boulevard, Littleton, Colorado 80120.

4. Upon information and belief, Defendant is responsible for activities conducted on the subject property.

5. Venue in this county is proper pursuant to C.R.C.P. 98(c) since the tortious conduct which the claims of Plaintiff are based upon was committed within Jefferson County, Colorado.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates all foregoing allegations.

7. On February 8, 2018, Plaintiff was a customer at King Soopers store 622 located at 9731 West 58th Avenue in Arvada, Colorado.

8. While Plaintiff was shopping, he tripped and fell on a milk crate or other similar crate that was on the floor near the milk and juice section ("the Incident").

9. Immediately after the Incident, an employee/agent of Defendant reported the Incident to the store manager.

10. Immediately after the Incident, the store manager came to the location of the fall and spoke with Plaintiff.

11. Immediately after the Incident, an employee/agent of Defendant took photographs of the area where the Incident occurred.

12. Upon information and belief, the store manager and/or another employee/agent of Defendant completed an incident report regarding the Incident.

13. There may have been video/surveillance that captured the Incident or the area close to the

Incident.

14. Plaintiff broke his arm as a result of the Incident.

15. Plaintiff was not comparatively negligent in causing the Incident.

## FIRST CLAIM FOR RELIEF
(Colorado Premises Liability Act)

16. Plaintiff incorporates all foregoing allegations.

17. Defendant is a "landowner" within the meaning of C.R.S. § 13-21-115(1).

18. Plaintiff was an invitee within the meaning of C.R.S. 13-21-115(5)(a).

19. Plaintiff was shopping at King Soopers at the time of the Incident.

20. The milk crate on the floor was a trip hazard and constituted a dangerous condition.

21. Defendants knew or should have known that the milk crate was on the floor.

22. King Soopers employees are required to be aware of their surroundings at all times.

23. King Soopers has floor sweep programs designed to prevent customer injuries.

24. King Soopers basic philosophy is that all personal injuries can be prevented.

25. King Soopers should take every precaution to ensure the safety of its customers.

26. King Soopers employees should always bee looking out for the condition of the floor when they are working.

27. C.R.S. § 13-21-115 imposes on Defendant a statutory duty of care to an invitee for damages for a failure to exercise reasonable care to protect against dangers of which Defendant actually knew or should have known.

28. Defendant failed to use reasonable care to protect against dangers on the property that it actually knew or should have known.

29. Defendant's failure to use reasonable care was a cause of Plaintiff's injuries, damages,

and or losses.

30.     As a direct and proximate result of Defendant's breaches of the aforementioned duties, Plaintiff has incurred economic and non-economic injuries, damages and/or losses, as well as physical impairment and disfigurement.

## SECOND CLAIM FOR RELIEF
**(In the Alternative - Negligence)**

31.     Plaintiff incorporates all foregoing allegations.

32.     Defendant owed Plaintiff a duty to use reasonable care in keeping the Premises free and clear of trip hazards.

33.     Defendant breached the above referenced duty, without limitation, by leaving a milk crate on the floor in the area where customers were expected to walk.

34.     The breaches of duty outlined above are a cause of the injuries sustained by the Plaintiff.

35.     As a direct and proximate result of Defendant's breaches of the aforementioned duties, Plaintiff has incurred economic and non-economic expenses, losses, and damages, as well as physical impairment and disfigurement.

**WHEREFORE,** the Plaintiff seeks a judgment against Defendant in an amount to be determined at trial for damages, including past and future: economic losses, including, but not limited to, medical bills, and other expenses; noneconomic losses, including, but not limited to, physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; physical impairment and disfigurement; attorney's fees; interest on all damages at the highest rate allowed by law computed from the date of the injury; costs and expenses; and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial to a jury of six (6) on all triable issues

**DATED:** April 22, 2019.

                BACHUS & SCHANKER, LLC

                */s/ Dustin Bergman*

                _____

                Dustin Bergman, Esq.

Plaintiff's Address
5252 Reed Street
Arvada, CO 80002